# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-0925V**

| | |
|---|---|
| JAY M. BURROWS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 30, 2026 |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Mary Novakovic, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 20, 2023, Jay M. Burrows filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"), alleging that he suffered a right-sided Table shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to him on December 31, 2020. Pet. at 1, ECF No. 1. On August 5, 2025, I issued a decision dismissing Petitioner's claim. ECF No. 26.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $35,912.80 ($34,516.70 in fees plus $1,396.10 in costs). Motion for Attorneys' Fees

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

and Costs, filed September 30, 2025, ECF No. 29. Furthermore, counsel for Petitioner filed a statement indicating that no personal out-of-pocket expenses were incurred. ECF No. 29-3.

Respondent reacted to the motion on October 9, 2025, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 30. Petitioner did not file a reply.

## I. Reasonable Basis

### A. Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 569 U.S. 369, 380 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As the Court has noted, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs at the same level as successful parties.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries – a subjective one when assessing whether the petition was brought in good faith and an objective one when ascertaining whether

reasonable basis existed. *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("*Cottingham I")*. "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Human Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Human Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Human Servs*., No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Human Servs*., No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Human Servs*., No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons,* 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Human Servs*., 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham I,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Human Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Human Servs.,* 155 Fed. Cl. 665 at 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Human Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022), *aff'd without op*., No. 2022-1737, 2023 WL 7545047 (Fed. Cir. Nov. 14, 2023) (*"Cottingham II")*. "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Resolution of the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

### B. Existence of Reasonable Basis in this Case

I dismissed this claim because I determined that Petitioner could not preponderantly demonstrate the onset of his SIRVA likely occurred within two days of his receipt of the subject flu vaccine in December 2020. Specifically, I relied on the fact that there was an approximate *one-year* gap between Petitioner's vaccination and his first visit to treat his right shoulder injury, with him failing to identify the subject vaccination as causal until his second treatment visit one week later. Dismissal at 9-10 (citing Ex. 4 at 88), ECF No. 26. And Petitioner had attended several in-person orthopedic visits during this one-year timeframe, but without mentioning right shoulder complaints, which I found troubling since this is a treater to whom it would have been reasonable to mention right-sided complaints if they had been present, as alleged. *See id.* at 11-12.

Despite these facts, the medical record entries thereafter (beginning one year post vaccination) contained consistent reports of the onset of Petitioner's pain occurring after

vaccination. *See,* e.g., Ex. 4 at 88 (a December 23, 2021 PCP visit reporting right shoulder pain "since his flu shot on 12/31/2020"); Ex. 6 at 15 (a July 21, 2022 orthopedic visit reporting "that he got the flu shot on 12/2020 and the right shoulder has been progressively painful since then."); Ex. 7 at 19-20 (an August 9, 2022 PT visit reporting that "he had a flu shot on 12/31/2020 and had pain in his right shoulder afterward."). Overall, and after weighing the evidence, I determined that there was not *preponderant* evidence of a post-vaccination injury that began within two days of his subject vaccination, as required for a Table SIRVA claim, in part because these statements were likely made after Petitioner had learned of the Vaccine Program. *See* Dismissal at 12.

Nonetheless, Petitioner also offered other corroborating evidence (in the form of text messages and a letter from his treating PCP) that provided some support for an onset that occurred before Petitioner's December 2021 visits. Indeed, the August 12, 2021 text message between Petitioner and his PCP (stating "And the website is the [VICP]" – Ex. 5) provided some slight support for the fact that Petitioner had informal conversations with a treating physician regarding his vaccine-related injury prior to commencing his formal treatment in December of the same year, even though those off-the-record conversations were not contained in the contemporaneous medical records.

Of course, resolution of reasonable basis is governed by a much lower evidentiary standard than what applies to entitlement. Petitioner did attempt to connect his shoulder pain to his vaccination when he ultimately sought care, and he attempted to explain his lengthy delay in seeking treatment through supplemental evidence, including a letter from his treating physician that managed to somewhat corroborate Petitioner's August 2021 texts with the same treater, and other witness statements attesting to immediate post-vaccination pain. *See,* e.g., Exs. 3; 5; 9-10. Petitioner consistently, though subjectively, attributed of all his right shoulder issues to the flu vaccine over the course of his treatment period. *See,* e.g., Ex. 6 at 8; Ex. 7 at 19. While this evidence was outweighed by the length of the gap before seeking care, the focus on other health issues, and the lack of contemporaneous information about the first approximately one year after vaccination, Petitioner marshalled much more than a scintilla of evidence in support of his Table SIRVA claim.[3]

I therefore find that the claim possessed a reasonable basis until it was dismissed. The only remaining question to be resolved is the appropriate amount of the attorney's fees and costs to be awarded.

---

[3] While I dismissed Petitioner's causation-in-fact claim for closely-related reasons relating to a several months-long post vaccination onset, I do not find it necessary to address the reasonable basis for Petitioner's off-Table claim in light of my favorable finding for his original SIRVA Table claim.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested by Attorney Zgheib and his supporting assistants for all time billed in this matter through 2026 are reasonable and consistent with our prior determinations, and shall be utilized. All time billed to the matter was also reasonably incurred.

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. ECF No. 29-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded fees and costs in the total amount of $35,912.80 (representing $34,516.70 in fees plus $1,396.10 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.